IN THE UNITED STATES DISTRICT COURT FOR **FILED**

THE WESTERN DISTRICT OF OKLAHOMA

MAR 1 0 2008

RICKKE LEON GREEN, )
                                )
          Petitioner, )
                                )
vs. )          No. CIV-07-924-W
                                )
MARTY SIRMONS, Warden, )
                                )
          Respondent. )

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ W. N. _____ DEPUTY

## ORDER

On February 13, 2008, United States Magistrate Judge Valerie K. Couch issued a Report and Recommendation in this matter and ultimately determined inter alia that petitioner Rickke Leon Green was not entitled to federal habeas relief under title 28, section 2241 of the United States Code. Green was advised of his right to object to the Report and Recommendation, but he filed no objections within the allotted time.

Upon review of the record, the Court concurs with Magistrate Couch's suggested disposition of this matter. On April 27, 1982, Green was found guilty by a jury of one count of assault with a dangerous weapon with intent to do bodily harm, and on June 4, 1982, he was sentenced by this Court to a term of imprisonment of five (5) years. Green thereafter initiated multiple post-judgment proceedings, and on July 18, 1996, Green was released from federal custody.

In September 2005, Green was convicted in the District Court of Oklahoma County of possession of contraband in a state penal institution, and he was sentenced to a term of incarceration of thirty (30) years. State v. Green, No. CF-2004-2588. Green has alleged that his state court sentence was improperly enhanced by his prior federal court conviction.

On August 16, 2007, Green filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to title 28, section 2255 of the United States Code, and he urged the Court to vacate, set aside or correct the sentence imposed in 1982.  Under the Antiterrorism and Effective Death Penalty Act of 1996, a defendant/petitioner must obtain authorization from the appellate court to file a successive motion under section 2255.  Absent such authorization in this case, this Court determined it was without jurisdiction to consider Green's motion.  Accordingly, in the interest of justice and pursuant to title 28, section 1631 of the United States Code, the Court transferred Green's Motion to Vacate, Set Aside, or Correct Sentence to the Tenth Circuit for initial review.

In its Order filed on December 5, 2007, the Tenth Circuit denied Green authorization to file a second or successive motion under section 2255, but remanded certain claims that it had determined did not fall within the parameters of section 2255.  In re Green, No. 07-6204 (10th Cir. December 5, 2007).  The circuit court also directed the district court upon remand to decide whether those claims should be characterized as claims seeking relief under title 28, section 2254 of the United States Code or as claims seeking relief under title 28, section 2241 of the United States Code.

Because Green has requested that the Court construe his claims as a habeas corpus action filed under section 2241, the Court has considered Green's claims as set forth in Grounds Five through Nine and Ground Twelve as challenging the execution of his sentence under section 2241.  Upon review of the same, the Court finds the claims set forth in these grounds should be dismissed for lack of jurisdiction.  E.g., Maleng v. Cook, 490 U.S. 488 (1989).

2

As to Ground Ten, the Court finds to the extent Green has sought relief under section 2241 and has challenged the execution of his federal sentence, this claim should likewise be dismissed for lack of jurisdiction. E.g., id. To the extent, if any, that Green has challenged the legality of his current state court sentence in Ground Ten, the Court finds such claim must be brought under section 2254. However, in light of Green's request that he be permitted to proceed under section 2241, the Court declines to recharacterize this claim as a claim under section 2254 and therefore, dismisses the same.

In Ground Eleven, Green has complained that his federal sentence has adversely affected his security classification. Because Green has failed to establish a violation of a constitutional right–a prerequisite to federal habeas relief, and further, because Green has failed to demonstrate how his security classification has affected the duration of his confinement, the Court finds the claim set forth in Ground Eleven should be summarily dismissed.

Based upon the foregoing, the Court

(1) ADOPTS the Report and Recommendation issued on February 13, 2008;

(2) GRANTS Green's Motion for Orders in View of Circuit Remand [Doc. 6] to the limited extent that the Court at Green's request has construed Green's claims set forth in Grounds Five through Twelve as filed under section 2241 and DENIES said Motion as to all other relief requested therein;

(3) summarily DISMISSES these remanded claims and because no other claims remain, DISMISSES this matter in its entirety; and

(4) because this Court has concurrent jurisdiction over this action and further, because a transfer of this matter to the United States District Court for the Eastern District

of Oklahoma would not serve the interests of justice, e.g., 28 U.S.C. § 1406(a), DENIES

Green's Motion for Order Transferring Instant Case to Jurisdiction of Eastern District

[Doc.8].

ENTERED this ___10th___ day of March, 2008.

LEE R. WEST
UNITED STATES DISTRICT JUDGE